UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-1210 (AHA) |

## ANSWER

Defendant Department of Justice ("Defendant" or the "Department"), by and through undersigned counsel, respectfully submits this Answer to the Complaint for Injunctive Relief (ECF No. 1) filed by Plaintiff Democracy Forward Foundation ("Plaintiff") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

**Jurisdiction and Venue**[1]

1. The allegations contained in this paragraph consist of Plaintiff's conclusions of law regarding jurisdiction to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction over claims involving a proper FOIA request, subject to the terms and limitations of FOIA.

2. The allegations contained in this paragraph consist of Plaintiff's conclusions of law regarding venue to which no response is required. To the extent that a response is deemed required, Defendant admits that venue lies in this judicial district for a proper claim under FOIA.

**Parties**

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations this paragraph.

4. Defendant only admits it is a federal agency within the meaning of FOIA and is subject to FOIA and is headquartered in Washington, DC. The remainder of the allegations in this paragraph consist of Plaintiff's legal conclusions to which no response is required.

**Facts**

5. Defendant admits the allegations in this paragraph. Defendant avers that the cited FOIA requests are the best evidence of their contents and respectfully refers the Court to the cited FOIA requests for a complete and accurate statement of their contents and denies any allegations inconsistent therewith

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

6. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the remaining allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the remaining allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the remaining allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

*X Messages (EOUSA-2025-002191)*

9. Defendant only admits it received a FOIA request submitted by Plaintiff on February 14, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10. Defendant only admits it received a FOIA request submitted by Plaintiff on February 14, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11. Defendant admits the allegations in this paragraph. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant only admits that, as of the date of filing of the complaint, it has not issued a response to Plaintiff's FOIA request.

*Calendar Entries (EOUSA-2025-002394)*

13. Defendant only admits it received a FOIA request submitted by Plaintiff on March 6, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Defendant only admits it received a FOIA request submitted by Plaintiff on March 6, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

15. Defendant admits the allegations in this paragraph. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

16. Defendant only admits that, as of the date of filing of the complaint, it has not issued a response to Plaintiff's FOIA request.

*Martin Visitor Logs (EOUSA-2025-002395)*

17. Defendant only admits it received a FOIA request submitted by Plaintiff on March 6, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

18. Defendant only admits it received a FOIA request submitted by Plaintiff on March 6, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

19. Defendant admits the allegations in this paragraph. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20. Defendant only admits that, as of the date of filing of the complaint, it has not issued a response to Plaintiff's FOIA request.

*Martin Sent Emails (EOUSA-2025-002396)*

21. Defendant only admits it received a FOIA request submitted by Plaintiff on March 6, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

22. Defendant only admits it received a FOIA request submitted by Plaintiff on March 6, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

23. Defendant admits the allegations in this paragraph. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

24. Defendant only admits that, as of the date of filing of the complaint, it has not issued a response to Plaintiff's FOIA request.

*Martin Text Messages (EOUSA-2025-002397)*

25. Defendant only admits it received a FOIA request submitted by Plaintiff on March 6, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

26. Defendant only admits it received a FOIA request submitted by Plaintiff on March 6, 2025. Defendant avers that the cited FOIA request is the best evidence of its contents and respectfully refers the Court to the cited document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

27. Defendant admits the allegations in this paragraph. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28. Defendant only admits that, as of the date of filing of the complaint, it has not issued a response to Plaintiff's FOIA request.

29. Defendant only admits that Plaintiff requested a fee waiver. Defendant avers that the request for a fee waiver is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

*Exhaustion of Administrative Remedies*

30. The allegations contained in this paragraph consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant only admits that, as of the date of filing of the complaint, it has not issued a response to Plaintiff's FOIA request.

**CLAIMS FOR RELIEF**

**Count I (Violation of FOIA, 5 U.S.C. § 552)**

31. Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

32. The allegations in these paragraphs consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph

**REQUEST FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

**DEFENSES**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to them through the course of the litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

**SECOND DEFENSE**

Defendant has exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records responsive to Plaintiff's FOIA request.

**THIRD DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions in the FOIA or the Privacy Act, 5 U.S.C. § 552a.

**FOURTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**FIFTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**SIXTH DEFENSE**

Defendant has conducted a reasonable search for responsive records.

**SEVENTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**EIGHTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**NINTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

Dated: July 10, 2025
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON,
D.C. Bar # 1632338
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7874

*Attorneys for the United States of America*

9