UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-1210 (AHA) |

**JOINT STATUS REPORT**

Pursuant to the Court's February 18, 2026, Minute Order, Plaintiff Democracy Forward Foundation ("Plaintiff") and Defendant Department of Justice ("Defendant"), by and through undersigned counsel, hereby submit this Joint Status Report. The parties report as follows:

Plaintiff brings this case under the Freedom of Information Act ("FOIA") seeking the release of documents relating to five FOIA requests. *See generally* Compl. (ECF No. 1).

**Defendant's Statement:**

Defendant provides the following updates regarding Plaintiff's search requests, including responses to Plaintiff's inquiries at the March 12, 2026 status hearing.

With respect FOIA requests EOUSA-2025-002394, EOUSA-2025-002395, and EOUSA-2025-002396 seeking former U.S. Attorney Ed Martin's calendars, visitor logs, and email communications, as previously reported, Defendant has found approximately 4,600 pages of potentially responsive records. Defendant made its first interim response on February 13, 2026. Defendant has requested the Department of Justice components and agencies it consulted on approximately 500 pages of materials in the February production to respond by April 7, 2026. Because Defendant is consulting with over a dozen agencies and Department of Justice

components, processing has taken longer than expected, but Defendant is working diligently to complete processing and produce to Plaintiff all non-exempt records as quickly as possible. Defendant will complete the March production by April 7. Defendant confirmed that the Office of the Pardon Attorney was not consulted because the records do not contain Office of Pardon Attorney Office equities.

With regard to FOIA requests EOUSA-2025-002191 and EOUSA-2025-002397, Defendant is not in possession of Mr. Martin's cell phone. Executive Office of U.S. Attorneys ("EOUSA") contacted the information technology departments at both EOUSA and the U.S. Attorney's Office for the District of Columbia to determine whether they might be able to access information from Mr. Martin's cell phone. Defendant's preliminary understanding is that it is unable to access the phone's data but continues to investigate the issue.

Defendant was able to access Mr. Martin's official X account and did not find any direct messages. Defendant was not able to access Mr. Martin's non-governmental X account. As counsel stated in the March 12 status hearing, Department policy dictates that all official communications on non-governmental accounts should be preserved by forwarding these communications to an official account. It is therefore possible that the text messages and X messages that Plaintiff requested are included in the email records that Defendant is processing.

**Plaintiff's Statement:**

1.    Given the extended delays in this case and Defendant's repeated failure to adhere to its own proposed timelines, Plaintiff respectfully requests a modest order requiring Defendant to comply with the production schedule it has already represented to Plaintiff and the Court.[1]

---

[1] Plaintiff continues to have serious concerns about the preservation of responsive records in Mr. Martin's non-official electronic messaging accounts, particularly as Defendant has informed Plaintiff that Mr. Martin still has not responded to communications concerning this litigation. Plaintiff will further endeavor to resolve these concerns through conferral rather than seek the

2.      This case has now been pending for nearly a year, and Defendant has yet to produce, or even withhold under claim of exemption, a single page of responsive records.

3.      The history of this case reflects a pattern of delay. In June 2025, Defendant reported that searches were ongoing but could provide any anticipated timeline for production. Joint Status Report ("JSR"), ECF No. 9 at 1-2 (June 16, 2025). In July 2025, Defendant represented that it would complete its responsiveness review within thirty days and would propose a processing schedule by September 2025. JSR, ECF No. 11 at 2 (July 23, 2025). By September 2025, Defendant had still not begun production, instead indicating that it would need additional time to complete supplemental searches and would later provide a date for its first interim release, while "anticipa[ing] that it will be able to process 250 pages per month." JSR, ECF No. 12 at 2 (Sept. 11, 2025). In December 2025, Defendant represented that it would finally begin production by January 31, 2026, and reiterated that it anticipated processing at least 250 pages per month with interim responses before the end of each month. JSR, ECF No. 14 at 2 (Dec. 15, 2025). Plaintiff agreed to this schedule but expressly noted that it would consider seeking a court-ordered schedule if further delay occurred. *Id*.

4.      Defendant did not produce at records by January 31, 2026. Instead, in February 2026, Defendant reported that it reviewed approximately 500 pages, but had sent all of those pages for consultation, resulting in zero pages produced or withheld under claim of exemption. JSR, ECF No. 16 at 2 (Feb. 18, 2026). Defendant nevertheless again represented that it would continue processing at a rate of at least 250 pages per month with rolling productions. *Id*.

5.      Since that time, Defendant has failed to adhere to that schedule. Plaintiff has not, nearly a week into April, received Defendant's scheduled March production or response. Nor has

Court's intervention at this juncture.

Plaintiff received any of the previously "processed" pages that were sent for consultation. More than a year after the requests at issue in the case were submitted, no responsive records have been produced in any form.

6.  At this rate of progress, the public may never receive records concerning Mr. Martin's activities while he remains in public office, and this case risks remaining on the Court's docket for years without meaningful advancement.

7.  Accordingly, Plaintiff respectfully requests that the Court ender a modest order that merely requires Defendant to adhere to the processing schedule Defendant itself repeatedly stated it would meet. Specifically, Plaintiff requests that Defendant be ordered to:

a.  Process at least 250 pages of records per month for production or withholding;

b.  Provide rolling productions on a monthly basis by the 27th day of each month beginning with April 27, 2026, until processing is complete; and

c.  Exclude from its monthly processing totals (1) any pages that are sent for consultation and (2) any pages comprised of deferred, unprocessed attachments, to ensure that Defendant does not effectively double count pages that have not in fact been processed for production or withholding.

8.  This requested relief does not impose any new burden on Defendant. Rather it simply formalizes the schedule Defendant has repeatedly proposed, while ensuring that processing results in the actual production of responsive records.

9.  Plaintiff notes that courts in this District routinely manage FOIA cases through scheduling orders of this kind. Plaintiff raises this request here in the context of this JSR in an effort to resolve these issues efficiently and without the need for additional motion practice, but remains prepared to seek further relief if necessary.

5

\*       \*       \*

The parties respectfully propose filing a subsequent status report by June 8, 2026, updating the Court on Defendant's response to Plaintiff's FOIA requests.

Dated: April 6, 2026

*/s/ Anisha Hindocha*
Anisha Hindocha
Daniel Alexander McGrath
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 812-7824
ahindocha@democracyforward.org
dmcgrath@democracyforward.org

*Attorneys for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Rashad Hussain*
    RASHAD HUSSAIN
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7725
    rashad.hussain@usdoj.gov

*Attorneys for the United States of America*