UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 25-1210 (AHA) |

## JOINT STATUS REPORT

Pursuant to the Court's June 18, 2026, Minute Order, Plaintiff Democracy Forward Foundation ("Plaintiff") and Defendant Department of Justice ("DOJ" or "Defendant"), by and through undersigned counsel, hereby submit this Joint Status Report ("JSR"). The parties report as follows:

Plaintiff brings this case under the Freedom of Information Act ("FOIA") seeking the release of documents stemming from five FOIA requests that, broadly speaking, seek records related to Ed Martin's service as Acting U.S. Attorney for the District of Columbia. *See generally* Compl. (ECF No. 1).

**Defendant's Statement:**

On August 7, 2026, DOJ, through the Executive Office for United States Attorneys (EOUSA) produced 106 pages to Plaintiff. Approximately 60 pages consisting of 44 documents remain with other agencies/components for consultation, and approximately 12,000-18,000 pages remain for initial review. EOUSA will send additional consultation requests to other agencies, as appropriate, before responses are provided to the Plaintiff. In the manner Defendant previously described, all consult material is being sent simultaneously, not sequentially, to relevant

Department components.  As soon as records are returned, they are processed, and EOUSA produces all responsive, non-exempt materials to Plaintiff.

To provide a calendar for processing going forward, EOUSA will process at least 1,000 pages per month and provide a response letter to Plaintiff by the first Friday of every month until processing is complete within twelve to fifteen months.

Defendant is pressing forward in processing at least 500 pages per month as required by the Court's April order.  Defendant, in fact, processed 2200 pages for the July and August productions. These productions complied with the Court's order by releasing responsive, non-exempt records after processing at least 500 pages per month, excluding materials sent for consultation.  Defendant's August interim letter explained that 106 pages were released, including 79 pages in part and 27 pages in full.

In response to Plaintiff's inquiries about the large number of documents being processed (12,000-18,000 remain) and the large number of duplicates, Defendant's searches seek to comprehensively retrieve all relevant documents, and these searches often result in large numbers of hits and large numbers of duplicates.  Plaintiff implies that Defendant has not been transparent in explaining how its search methods and terms have resulted in so many results.   Yet, as Defendant has noted, Plaintiff's search request includes very broad categories of records, including "[a]]ll email communications (including email messages, complete email chains, email attachments, calendar invitations) sent by Acting U.S. Attorney Ed Martin that concern official business," "[a]ll records used to track visitor requests or appointments, reflecting any and all visitors who came to meet with Acting U.S. Attorney Ed Martin, "[a]ll calendar entries (including calendar invitations, calendar invitation attachments) of Acting U.S. Attorney Ed Martin," and "[a]ll text messages sent and received by Acting U.S. Attorney Ed Martin that concern official

business. as well as all of Mr. Martin's. Plaintiff has asked for all such records, and therefore EOUSA is attempting to process all such records. *See* Compl. ECF No. 1. Defendant is, of course, open to narrowing the search request to reduce the number of documents and reduce processing time.

Plaintiff raises concerns about the adequacy of Defendant's searches and the exemptions Defendant cites. Defendant continues to process its search results and produce documents and respectfully submits that the validity of these concerns is best addressed once processing is complete. Plaintiff also raises questions about the preservation of records. As Defendant has explained, however, records found include emails that have been forwarded from a personal account to an official work account, giving Defendant more confidence that such records have been preserved. Defendant has now confirmed that personal email records are included and are being processed.

Defendant is working diligently to complete the processing of Plaintiff's request. Defendant is processing over 1,000 pages per month, producing documents to Plaintiff, and has now provided a schedule for processing the remaining pages and updating Plaintiff monthly.

Finally, Defendant had anticipated processing additional pages during July and August to make up for the unexpected, early maternity leave that the original, assigned EOUSA attorney took beginning in February. The attorney covering the case during that period was handling multiple other matters and required additional time to review this case. The original, assigned EOUSA attorney has now returned from maternity leave. Now that she has resumed working on the case, Defendant respectfully requests the Court to review the progress at the time of the next joint status report before ordering another status hearing in the case. If the Court, however, orders a status hearing this month, undersigned counsel and EOUSA counsel are available on August 26

and August 27.

**Plaintiff's Statement:**

1.      Plaintiff's concerns regarding the processing of the FOIA requests in this matter remain unresolved. More than 15 months after Plaintiff filed this case, Defendant produced its first pages of responsive records only on the eve of this JSR consisting of just 106 pages. Given the extensive delays in Defendant's production or withholding of documents ostensibly due to consultations, four months ago, the Court ordered Defendant to process at least 500 pages a month, excluding records requiring consultation. Defendant's latest update does not provide a clear accounting of its compliance with that order. Additionally, substantial questions remain regarding why Defendant's search has expanded so dramatically, how Defendant is counting records as "processed," what is happening with the records sent for consultation, and when the remaining records will be processed and produced. Plaintiff therefore respectfully requests that the Court schedule the status conference contemplated by its June 18 Order and require an EOUSA FOIA representative with knowledge of its processing of Plaintiff's FOIA requests to attend.

2.      *First*, Defendant's latest update raises substantial questions about the scope of its search. Defendant now represents that approximately 12,000-18,000 pages remain for initial review, in addition to the approximately 60 pages that are out for consultation. This represents a substantial increase from Defendant's prior representation that it had identified 4,600 potentially responsive pages. *See* Sept. 11, 2025, JSR (ECF No. 12) at 2, Dec. 15. 2025, JSR (ECF No. 14) at 2, Feb. 18, 2026, JSR (ECF No. 16) at 2, Apr. 6, 2026, JSR (ECF No. 17) at 1. Defendant still has not identified the scope of that search, the records searched, or the relationship of those materials to the previously universe of records. Nor has Defendant explained why its searches

have yielded such a large volume of potential responsive pages for the categories of records

Plaintiff requested: calendar entries, visitor logs, Mr. Martin's sent emails concerning agency

business, Mr. Martin's sent and received text messages and X (formerly Twitter) direct messages

concerning agency business. *See* Compl. (ECF No. 1) ¶¶ 9, 13, 17, 21, 25. Plaintiff has attempted

to confer with Defendant about this concern to better understand the search and processing

methodology producing this volume of records and purported duplicates.

3.    *Second*, Defendant's update also leaves unresolved questions concerning

consultation. Defendant states that approximately 44 documents consisting of 60 pages are

currently out for consultation but does not explain what happened to the records purportedly

previously sent for consultation as many six months ago. *See* Feb. 18, 2026, JSR (ECF No. 16) at

2, Apr. 6, 2026, JSR (ECF No. 17) at 1-2, June 8, 2026, JSR (ECF. No. 19) at 1-2.  Of note, the

production letters Defendant sent Plaintiff on February 13, 2026, and April 8, 2026, both stated

that EOUSA had reviewed 500 and 250 pages responsive to the Calendar Entries request

respectively, and all records were sent for consultation. Yet Plaintiff has not received a single

calendar entry, nor does Defendant's update in this JSR seem to account for those 750 pages.

Concerningly, Defendant had previously represented to Plaintiff that *all* records in this matter

would be sent for internal DOJ consultation pursuant to specific instructions for this matter. *See*

June 8, 2026, JSR (ECF. No. 19) at ¶ 4. Plaintiff therefore still cannot determine how many

pages are subject to consultation or what happened to the records previously sent for

consultation[1].

---

[1]Defendant notes in this JSR that consultations are occurring sequentially, but in conferral in June stated that documents would be sent for internal consultation could not begin until the external consults are completed. Defendant did not dispute this representation when Plaintiff sent Defendant an email memorializing that conferral. *See* Email from Anisha Hindocha, Democracy Forward Foundation, to Rashad Hussain, U.S. Attorney's Office for the District of Columbia (June 4, 2026, 1:30 PM).

4.      *Third*, Defendant also states that it "processed" 2,200 pages for the July and August productions, while producing only 106 pages.[2] This does not establish compliance with the Court's April 7 Order, which expressly defined "process" to mean produce, deem unresponsive, or determine that an exemption applies," and excluded records requiring consultation from the processing rate. Plaintiff therefore remains unable to determine how many pages Defendant has processed within the meaning of the Court's Order. Plaintiff has raised this concern repeatedly, including after Defendant issued letters to Plaintiff in May 2026 and June 2026 stating it had reviewed approximately 1,000 and 500 pages responsive to the Communications Request respectively, and deemed all responsive records "duplicates" without explaining what these records were duplicates of or having previously produced, deemed unresponsive, or determining an exemption applied to any records previously. *See id*. at ¶¶ 3-4.

5.      *Finally*, Defendant's August 7 production also raises substantive concerns regarding Defendant's processing and exemption determinations.[3] Plaintiff additionally remains concerned regarding the adequacy of the search and preservation of responsive records, including Defendant's representations concerning Mr. Martin's government-issued phone and its repeated, but apparently unsuccessful efforts, to communicate with Mr. Martin regarding his preservation obligations in this matter.[4]  The continued delays in this matter frustrate the public's

---

[2] Defendant did not make a July production. The cover letter of Defendant's August 7, 2026, production letter does not reference a number of pages processed, and instead states, "Enclosed please find 106 pages of responsive material. Of the 106 pages, 27 pages are released in full, and 79 pages are released in part. Additionally, for this response, we found it appropriate to withhold in full 12 pages."

[3] For example, Defendant invoked Exemption (7)(c) to redact the names of reporters for CBS News and the Associated Press.

[4] Plaintiff recognizes that the parties may address adequacy of search issues and particular redactions and withholdings after Defendant completes processing, but Defendant's continued delay in completing that processing prevents Plaintiff from meaningfully evaluating and responding to Defendant's determinations. Those issues cannot meaningfully be addressed while Defendant continues to leave substantial portions of the request unprocessed.

ability to obtain timely information concerning Mr. Martin's actions while serving as Acting U.S. Attorney.

6.      These unresolved questions warrant the status conference contemplated by the Court's June 18 Order. The conference would allow the Court to obtain a clear explanation of Defendant's processing of records in this matter, including the status and handling of records sent for consultation, and what Defendant means by "processed" for purposes of the April 7 Order, as well as a timeline for completing processing. Plaintiff respectfully requests that the Court schedule the conference and require an EOUSA FOIA representative with knowledge of the processing of Plaintiff's requests to attend. Defendant's proposed August 26 or 27 dates are acceptable to Plaintiff.

***

The parties respectfully propose filing a subsequent status report by October 12, 2026, updating the Court on Defendant's response to Plaintiff's FOIA requests.

Dated: August 10, 2026                              Respectfully submitted,

   */s/ Anisha Hindocha*                              JEANINE FERRIS PIRRO
Anisha Hindocha                                      United States Attorney
Daniel Alexander McGrath
DEMOCRACY FORWARD                            By: */s/ Rashad Hussain*
FOUNDATION                                              RASHAD HUSSAIN
P.O. Box 34553                                           Assistant United States Attorney
Washington, DC 20043                               601 D Street, NW
(202) 812-7824                                            Washington, DC 20530
ahindocha@democracyforward.org             (202) 252-7725
dmcgrath@democracyforward.org              rashad.hussain@usdoj.gov

   *Attorneys for Plaintiff*                              *Attorneys for the United States of America*

7